Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 1286 | **DATE** | 9/7/2000 |
| **CASE TITLE** | Aftra Health Fund vs. Biondi | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court denies Biondi's motion for relief from judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 1 2 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 52 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 SEP 11 PM 4: 20 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE AFTRA HEALTH )
FUND, )
  )
        Plaintiffs, )
  )
vs. )  Case No. 99 C 1286
  )
RICHARD BIONDI and HAZEL BIONDI, )
  )
        Defendants. )
------------------------------------------------------- )
  )
RICHARD BIONDI, )
  )
        Third Party Plaintiff, )
  )
vs. )
  )
THOMAS C. O'BRIEN, SELMA D'SOUZA, )
O'BRIEN & BARBAHEN, and GAGLIARDI, )
NELSON & O'BRIEN, )
  )
        Third Party Defendant. )

DOCKETED
SEP 1 2 2000

## MEMORANDUM OPINION & ORDER

MATTHEW F. KENNELLY, District Court:

Defendant Richard Biondi has moved pursuant to Fed. R. Civ. P. 59(e) for relief from the judgment against him on plaintiff's claim and on his third party claim against his former lawyers. For the reasons stated below, the Court denies Biondi's motion.

Biondi argues that the Court erred in concluding that the AFTRA Trustees' common law

fraud claim against him was not preempted by ERISA.[1] Biondi first made this argument to the Court in a motion for summary judgment that Biondi filed less than two weeks before trial. The Court could have denied the motion as untimely, but instead chose to consider it in conjunction with the trial. Most of the arguments Biondi now makes are arguments that the Court has already considered and rejected; there is no need to rehash these points here. Biondi cites two district court decisions that post-date our earlier ruling, *Goldbourn v. General Motors Corp.*, 98 F.Supp.2d 95 (N.D. Ill. 2000), and *Vesely v. Continental Casualty Co.*, 101 F.Supp.2d 1054 (N.D. Ill. 2000). Neither case, however, involves anything like the situation present here: an employee benefit fund suing a fraudfeasor to recover monies that he wrongfully caused the fund to pay out. The distinction is significant. As the Court stated in its oral conclusions following the trial, it would stand ERISA on its head were it read as Biondi advocates here: to preclude the Fund from any remedy against the fraudfeasor simply because the wrongfully-paid monies went to someone else. In this regard, Biondi's argument that he "should not be made a scapegoat" is misguided: a scapegoat is one who bears the blame for the wrongs of others; in this case Biondi himself was the wrongdoer.

Biondi argues that the Court erroneously admitted plaintiffs' exhibit 89 as a business record. Exhibit 89 was a claim form which misrepresented Hazel as being Biondi's wife. The

---

[1] The Court did hold that the Trustees could not maintain the claim under ERISA itself, relying on *Mertens v. Hewitt Associates*, 508 U.S. 248 (1993). Even if it was error to dismiss the Trustees' ERISA claim, the same findings that the Court made in ruling for the Trustees on their common law fraud claim would likewise have resulted in a finding in their favor on the ERISA claim.

2

Court found that Biondi had prepared the form and had made the false entries on it. In view of that finding, it is beside the point whether the form was properly admitted as a business record of the Fund; it was admissible as Biondi's own statement. *See* Fed. R. Evid. 801(d)(2)(A). In any event, an adequate foundation was established to show that the form was a business record of the Fund, thus permitting its admission to show that the Fund had relied on the representations in the form in determining whether to pay benefits to Hazel. The Court's finding that Biondi had completed the form was sufficient to overcome any objection to purported second-level hearsay not rendered admissible by the business record exception. *See, e.g., United States v. Ismoila,* 100 F.3d 380, 392 (5th Cir. 1996) (discussing two-level hearsay issue); *United States v. Vigneau,* 187 F.3d 82, 85 (1st Cir. 1999) (holding Rule 803(6) does not allow admission for their truth of "outsider" statements in business record, but indicating that record would be admissible for that purpose if there were evidence to confirm defendant had completed the form).

Finally, Biondi argues that the Court erred in granting summary judgment against him on his malpractice claims against his former attorneys. He disputes the Court's statement that "the case boils down to [a claim that] Biondi's lawyers did not explain to him that there was a legitimate way for him to provide Hazel medical benefits, so he chose to commit fraud." *See Trustees of AFTRA Health Fund v. Biondi,* No. 99 C 1286, 2000 WL 112988, at *2 (N.D. Ill. Aug. 9, 2000). According to Biondi, the Court misperceived his claim, which he says is actually based on the proposition that the attorneys, having negotiated an agreement requiring him to provide Hazel with medical coverage pursuant to COBRA, did not inform him what that obligation entailed. There was no misperception; later in the Court's opinion, we noted that Biondi was claiming that his lawyers were negligent "in failing to advise him of the proper

3

alternative." *Id.* In any event, Biondi's quarrel with our phraseology does not affect the outcome of the case. Biondi claimed that his attorneys did not advise him about what the agreement meant. Though this might have laid the groundwork for Biondi's fraud, fraud is what he committed, and the Court is not persuaded that he can shift his fraud liability to an allegedly negligent third party.

In addition to the reasons set forth in our summary judgment ruling, we note that Illinois tort law (which both parties agreed applies here) distinguishes between conditions and causes; when one party's negligence simply furnishes a condition by which an injury is made possible, and that condition leads to an injury due to the later independent act of another party, the creation of the condition is held not to be the proximate cause of the injury. *See, e.g., First Springfield Bank & Trust Co. v. Galman*, 188 Ill.2d 252, 257, 720 N.E.2d 1068, 1071 (1999). Biondi's independent and intentional fraudulent acts were not a foreseeable result of the law firm's alleged negligence.

For these reasons, the Court denies Biondi's motion for relief from judgment.

MATTHEW F. KENNELLY
United States District Judge

Date: September 8, 2000

4